KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
**FRANK NOONAN, OSB #70104**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Frank.Noonan@usdoj.gov
        Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR 05-325-01-RE** |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S DISCOVERY MOTION** |
| **NICKALAS AIL,** | |
| Defendant. | |

The United States of America, by Karin J. Immergut, United States Attorney for the

District of Oregon, through Frank Noonan, Assistant United States Attorney (AUSA) for the

District of Oregon, hereby responds to defendant's motion for discovery.

### STATUS OF DISCOVERY

To put into context defendant's motion for discovery, the government would like the

court to be aware of the discovery that has been accomplished thus far.  Defendants have been

provided with all FBI 302 investigative reports, copies of all search warrants and affidavits,

access to any and all physical evidence in the government's possession, and copies of all

consensual recordings made by the informant-witnesses with any of the defendants or other

parties.  There are no Title III "wiretaps".  In short, discovery in this case has been early and

complete and FBI Special Agent Chris Frazier continues to supplement that discovery process as additional reports are generated.

## STATUS OF THE CASE

It is the government's understanding that the defendants are preparing to file a motion for dismissal based upon outrageous governmental misconduct.  Briefly stated, the theory of that motion will be that the government has violated constitutional bounds of due process by "in effect, the generation...of new crimes merely for the sake of pressing criminal charges against the defendant."  *United States v. Ramirez*, 710 F.2d 535, 540 (9th Cir. 1983).  See Defendant's Memorandum p.4.  This, the defendants contend, is shocking to the universal sense of justice. The government now responds to the motion for discovery and will respond in later pleadings to the due process concerns raised by the motion to dismiss.

## DEFENDANT'S FUTURE MOTION TO DISMISS

It is clear from the defendants' discovery motion that they already have, by virtue of discovery provided, the factual predicate for the motion to dismiss.  The discovery provided clearly shows, and the government admits, that the informant-witnesses in this case, to include those named in the defendant's pleadings were engaged in continuing criminal activity of which the government was aware.  In some instances, the government was also aware that these persons would profit from this activity.  The government will argue in later pleadings that this was not the generation of new crimes merely for the sake of pressing criminal charges, but was instead a legitimate law enforcement tool used to penetrate and identify criminal organizations which had

PAGE 2 - GOVERNMENT'S RESPONSE

been functioning in this community for many years relatively untouched by law enforcement. The government will further argue that given the limited investigative resources available at this time, the investigative tools employed by the government were the only ones available to address the retail theft which has become a serious problem in this community. This investigation had the full and overwhelming support of the retailers in the greater Portland area who were the victims of these crimes.

## DISCOVERY LIMITS

With the above brief observations in mind, the government now responds to the specific discovery request as follows. Pre-trial discovery is governed by Fed. R. Crim. P. 16 (Rule 16), the Jenks Act, and *Brady v. Maryland*, 373 U.S. 82 (1963), and its progeny. There is no general pre-trial right to discovery nor is there a right to rummage through the government's files or to obtain unlimited discovery of everything known to the prosecutor. *United States v. Agurs*, 427 U.S. 97, 106 (1976); *United States v. Bagley*, 473 U.S. 667-675 (1985).

Rule 16 provides in a general way the production of five types of discovery: (1) defendant's oral and written statements, (2) defendant's prior criminal record, (3) documents and tangible objects within the government's possession, custody or control, (4) results and reports of tests or examinations, and (5) qualifications of expert witnesses and summaries of their anticipated testimony. Complete discovery of all of those matters has already been afforded.

The Ninth Circuit has recognized some limits on discovery in criminal cases. First, the defendant is required to make a prima facie showing of materiality. *United States v. Cadet*, 727 F.2d 1453, 1468 (9th Cir. 1984). The defendant should show case-specific facts in order to

demonstrate materiality. *United States v. Santiago*, 46 F.3d 885, 894-95 (1995). Additionally, and of critical importance in assessing the present discovery request, the Ninth Circuit has recognized that discovery is limited to materials that are relevant to the defendant's response to the government's case-in-chief. *United States v. Armstrong*, 517 U.S. 456, 462-63 (1996). Thus, discovery is not appropriate if it relates only to claims challenging the prosecution's conduct of the case in general. *Id.* Therefore, Fed. R. Crim. P. 16 does not permit discovery of materials in connection with a claim of selective prosecution. *Id.* In *United States v. Chon*, 210 F.3d 990, 994-95 (9th Circuit), *cert denied*, 531 U.S. 910 (2000), the court held that defendants were not entitled to discovery of materials showing that the Naval Criminal Investigative Service improperly targeted civilians in violation of the Posse Comitatus Act.

The Ninth Circuit has specifically applied the *Armstrong* analysis as a general interpretation of Rule 16 and has concluded that under *Armstrong* a defendant is only entitled to discovery of materials relevant to the charges in the government's case-in-chief, and is not entitled to discovery of "considerably broader" materials that "do not serve the purpose of fortifying the defendant's shield claims." *Chon*, 210 F.3d at 995. In the instant case, the defendant does not ask for materials relevant to the government's case-in-chief, but rather seeks unlimited discovery of material which defendant believes might have some relevance to a motion to dismiss.

The government understands its obligation to provide defendant with relevant discovery. This process is ongoing. However, the government would ask the court to limit discovery to those matters defendant has shown to be material to the government's case-in-chief. Absent such a showing, the government asks the court to deny the far-ranging and unlimited discovery sought

as an unwarranted and extreme burden on the government. *United States v. Mandel*, 914 F.2d

1215, 1219 (9th Cir. 1990). To comply with defendant's request would require the government to

engage in a search for materials that would easily take weeks - perhaps months. This would be

an extreme burden to the government, and without any showing made that the search would

disclose any relevant material. At the time of hearing on this motion, the government will be

prepared to present evidence on the degree of burden of complying with this discovery request.

*Id.* at 1219, n. 6.


**SPECIFIC DISCOVERY REQUESTS**

The government will respond to each of defendant's specific discovery requests as they

are itemized in defendant's motion.

1.      Defendant's have already been made aware of the names of the informants as is

evidenced by their presence in defendant's request. All of this was provided in early discovery.

The government will not provide all records, documents, etc. which have their names, addresses

or phone numbers as this is sensitive material and defendants have made no showing under the

above-mentioned authorities that would require production of this information. However, the

government will, upon reasonable notice, make these individuals available for either trial or

motions testimony. Subpoenas will not be required.

2.      Defendant has made no showing which would require production of all records,

documents, etc. regarding prior activity by the informants. There is clearly no showing of

relevance or materiality with respect to the motions presently pending. In the event that any of

these informant-witnesses are called to testify at the time of trial, the government will make a

PAGE 5 - GOVERNMENT'S RESPONSE

complete *Brady* package available to the defendants not later than sixty days in advance of trial. This would include further details regarding payments or incentives, along with any information going to the defendants' credibility such as false statements, prior inconsistent testimony, etc.

3.      The government will not provide, absent court order, copies of internal documents containing protocols, policies, etc. of either the United States Attorneys Office or the FBI in handling informants.  Rule 16 provides a specific exception which explicitly prohibits the discovery or inspection of reports, memoranda or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of cases.  Fed. R. Crim. P. 16(a)(2).  Thus, the "work product" exception would preclude a discovery order of the type the defendant seeks.

4.      In this section of the discovery motion defendants seek what might generally be described as *Brady/Giglio* information.  That is, the motion seeks discovery of information which might be helpful in impeaching or cross-examining the informant-witness.

        The government understands its obligation pursuant to *Brady/Giglio* to provide this information in advance of trial and will do so by preparing and disclosing a complete "*Brady/Giglio*" package at least sixty days in advance of trial.  This will be provided with respect to any informant-witness who is to testify at trial.  At the time the *Brady* package is provided defendants will certainly have an opportunity to make more specific requests if there are deficiencies.

        The present discovery request is so overly broad that is extremely difficult to respond to, e.g. "Any records, reports, memoranda, documents or other writings that describe the informant's motivation."  Defendant's Motion p.7.  The same can be said for the request of records of any

PAGE 6 - GOVERNMENT'S RESPONSE

other law enforcement agency regarding an informant's prior service as an informant.

Defendant's Motion p.7.

5.      The government is not aware of any witnesses who would have issues with the immigration service and does not believe that any informant-witnesses would have an "A" file.

6.      The government responds once again that the information sought in this subsection will be provided to defendants in a complete *Brady/Giglio* package at least sixty days prior to trial with respect to any informant-witnesses who are going to testify.  That package will include criminal history, payments or incentives, any evidence affecting credibility known to the government, polygraph tests, etc.  The defendant has not demonstrated the materiality or relevancy of any of this information at the present time.  This would include the request for information from "other handlers" and other cases by other agencies.

7.      With respect to this section, the government believes it has provided all reports generated by the FBI which describe the statements or correspondence of any informant-witnesses.  The government will seek clarification from defense counsel with respect to this request to be sure this response is accurate.

8.      Defendant requests a variety of items relating to the payment to informant-witnesses.  This includes such things as documents reflecting the source of payments, tax forms, etc.  With respect to this request, the government responds that a complete *Brady/Giglio* package will be provided as to any informant-witnesses at the time of trial.  However, the government will, prior to the date for hearing on these motions, provide to the defendants the amount of payments to each of the informants named in the defendant's pleading.  Further information will be included in the *Brady/Giglio* package that will be provided in advance of trial and it is the government's

PAGE 7 - GOVERNMENT'S RESPONSE

position that any perceived deficiencies in that information should be raised at that time.

9.     The government will once again respond that the information regarding promises, preferential treatment and other inducements will be included in the *Brady/Giglio* package as to any informant-witnesses to be called at the time of trial.  The only written agreement that exists between the government and any witness is that with respect to the witness David Pankratz.  The government will provide that written agreement to defense counsel prior to the time set for hearing on these motions.

10.    The government is not in possession of any federal or state tax returns for any informants.

11.    The government has conceded earlier that several of the informant-witnesses did profit from continued purchase and sale of stolen merchandise.  The government does not have specific information regarding these amounts.  Those amounts were not reported to FBI Special Agent Frazier or anyone else with the government.

12.    In this section the defendant seeks documents related to the informant to include admonishment forms, records regarding taxes, release forms, etc.  These are not discoverable as the defendant failed to show how such a list would be material under *Brady*.  *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001); *United States v. Manning*, 56 F.3d 1188, 1197-98 (9th Cir. 1995).  The government would also rely on Fed. R. Crim. P. 16(a)(2), which provides an exception for reports, memoranda or other internal documents made for the government by government agents investigating the case.  The *Brady* rule does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure.  *United States v. Flores*, 540 F.2d 432 (9th Cir. 1976).

13.    Reports regarding the activities of the informants known to the government have been

PAGE 8 - GOVERNMENT'S RESPONSE

disclosed.

14.     *Brady/Giglio* information regarding informants, if they are called as witnesses will be provided not later than sixty days in advance of trial.

15-17.  Defendant seeks internal documents such as investigative approvals.  Rule 16(a)(2) specifically precludes such discovery.  In addition, defendant makes no showing of materiality of the requested material to the government's case-in-chief.

18.     The government has provided all reports in its possession describing the events that took place on May 11, 2004, in Everett, Washington, which led to the arrests of boosters Bryan Thompson and Nannette Thompson.

There is no #19 in defendant's submission.

20.     Defendant makes no showing of relevance or materiality as to correspondence with store owners that took place prior to this investigation.

21.     Defendant makes no showing of relevance or materiality as to contacts with agents or owners of retail stores.

22.     The government has complied with this request for discovery.

23.     Rule 16(a)(2) makes the internal documents requested by defendant exempt from discovery.  Further, defendant does not make any showing of relevance or materiality.

24.     Rule 16(a)(2) makes the internal documents requested by defendant exempt from discovery.  Further, defendant does not make any showing of relevance or materiality.

25.     The government paid no monies to David Pankratz in connection with his activities as an informant.  The government has provided all reports regarding the quantity and specific nature of merchandise purchased by Pankratz during the entire time period he was engaged in business

with the secondhand store owners and all reports regarding the monies expended by Pankratz during this time period. The government has no reports regarding the resale of this merchandise by Pankratz to third parties, and the defendant makes no showing of relevance or materiality regarding this request.

26.     Rule 16(a)(2) makes the internal documents requested by defendant exempt from discovery. Further, defendant does not make any showing of relevance or materiality.

27.     The government will provide the search warrant issued by Judge Kleweno.

28.     To the extent that reports exist regarding subsections (a) through (l), the government has provided all of these reports. The government has also granted access to all business records and "buy registers" seized from the secondhand stores. The government has no records regarding those requests made in subsections (h), (i) and (j).

29.     GIS tracking was not utilized, nor were there any other tracking devices.

30.     Defendant makes no showing of materiality or relevance as to the relationship between David Pankratz and Gary Wain.

31.     Defendant makes no showing of materiality or relevance as to communications between the FBI and store security personnel.

32.     This request should be denied as plea agreements would only be relevant if the defendants who were pleading guilty were to be called as witnesses. At the present time the government does not plan to call them.

33.     There are no "wire taps" or Title III wire interceptions.

34.     All "body wire recordings" have been disclosed to defendant.

PAGE 10 - GOVERNMENT'S RESPONSE

## REQUEST FOR RULE 17(c) SUBPOENAS

Defendant's request for Rule 17(c) subpoenas assumes that evidence not otherwise available in discovery can be obtained through subpoenas.  The requests specified under 1-17 of defendant's request for Rule 17(c) subpoenas mirror the requests in earlier sections of the defendant's motion for discovery.  The request includes demands for articles of incorporation of corporate entities, corporate and personal tax returns, bank account information and internal store security reports.

Neither in the Rule 17(c) subpoena request portion, nor in the first portion of the discovery request does defendant make any showing of materiality or relevance as to particular items.  Most of the information requested appears to be for impeachment material.

Rule 17(c) is not intended to be employed as a general discovery device.  *United States v. Nixon*, 418 U.S. 683, 698 (1974); *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984).  More specifically, Rule 17(c) is not intended to be used to obtain impeachment materials.  *Nixon*, 418 U.S. at 701; *United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981).

## CONCLUSION

The government has provided, and will continue to provide, timely and complete discovery far beyond that required either by Fed. R. Crim. P. 16 or the Jencks Act.  The government will also provide, not later than sixty days in advance of trial, a complete *"Brady/Giglio* package" as to witnesses to be called for trial.

The government respectfully requests denial of defendant's request for an order to produce further discovery and/or Rule 17(c) subpoenas absent the required showing that such

evidence is material and relevant to the government's case-in-chief.  The government will be

prepared at the time set for hearings on this motion to present evidence demonstrating the burden

of compliance with defendant's overly-broad motion.

Dated this 6th day of October 2006.

Respectfully submitted,

KARIN J. IMMERGUT
United States Attorney
District of Oregon

s/ *Frank Noonan*

FRANK NOONAN, OSB #70104
Assistant United States Attorney