KARIN J. IMMERGUT, OSB #96314
United States Attorney
District of Oregon
**FRANK NOONAN, OSB #70104**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR  97204-2902
Telephone:  (503) 727-1000
Frank.Noonan@usdoj.gov
      Attorneys for United States of America

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CR 05-325-01-RE |
| v. | **GOVERNMENT'S MEMORANDUM RE: MOTION TO QUASH** |
| **NICKALAS AIL,** | |
| Defendant. | *\*\*SECONDHAND STORE CASES\*\** |

      The United States of America, by Karin J. Immergut, United States Attorney for the District of Oregon, through Frank Noonan, Assistant United States Attorney (AUSA) for the District of Oregon, hereby submits the following memorandum is support of a motion to quash the Rule 17(c) subpoenas submitted by the defense.

      Many of the Rule 17(c) subpoenas requested by the defendant's have already been served and the government anticipates that service of all subpoenas should be accomplished not later than March 11, 2007.

      The government is filing contemporaneously with this memorandum a motion to quash and/or limit the Rule 17(c) subpoenas due to their oppressive nature, unlimited scope and the lack of any showing of relevance for much of the requested information and documentation.

All parties will be before the court on Tuesday, March 13, 2007, at 10:30 a.m. At that time the government will request the court schedule a hearing on the government's motion to either quash or limit the Rule 17(c) subpoenas.

**MOTION TO QUASH**

1.  Government's Standing

The government asserts standing based upon its concerns regarding the potential of the subpoenas to unduly lengthen the trial and discovery process and to also harass government witnesses. A good discussion of standing in this area may be found in the attached unpublished opinions in *United States v. Giampa*, 1992 WL 296440 (S.D.N.Y., October 7, 1992) and *Untied States v. Lecco*, 2007 WL 295487 (S.D. W.Va, January 29, 2007).

Should the court determine that the government lacks standing, the government would ask the court to appoint counsel to represent any of the subpoenaed witnesses who wish to seek advice regarding their obligations to the court under the subpoenas.

2.  Rule 17(c) Subpoenas

The court is in possession of the subpoenas and attachments. Without reiterating here all of the materials sought by defendants, the government summarizes as follows: (1) tax returns and other financial records, (2) documents summarizing supervision and instructions by the FBI and, (3) miscellaneous documentation relating to business records, including restaurant receipts, apartment rental documents, credit card records of purchases of washing machines, "four-wheeler" type vehicles and boats.

Rule 17(c) subpoenas require a showing of relevancy, admissibility and specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974); *United States v. Fields*, 663 F.2d 880, 881 (9th

Cir. 1981). The use of information for impeachment purposes has generally been held to be insufficient to justify pretrial production of documents. *Nixon*, 418 U.S. at 701; *Fields*, 663 F.2d at 881.

With respect to materials requested relating to FBI agent supervision of informants, defendants have not demonstrated relevancy. In other pleadings defendants have requested further discovery based upon the guidelines contained either in the United States Attorney's Manual or in the FBI "MYOG." A number of courts, including the Ninth Circuit, have consistently held that these guidelines do not create any rights in criminal defendants. *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000); *United States v. Piervinanzi*, 23 F.3d 670, 682 (9th Cir. 1994). The guidelines are not a basis for discovery. *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000).

The government would further point out that Rule 17(c) subpoenas are designed to produce documents which will be used during trial. Rule 17(c)(1). This subpoenas are not intended to serve as a discovery tool. *Bowmandary Company v. United States*, 341 U.S. 214, 220 (1951). The rule is not intended to provide a broad basis for a "fishing expedition." *United States v. Mackey*, 647 F.2d 898, 901 (9th Cir. 1981).

This court has statutory authority to quash or modify a subpoena that is unreasonable or oppressive. Rule 17(c)(2). The government would respectfully request the court quash the present Rule 17(c) subpoenas. If the court will not quash the subpoenas, the government would then respectfully request that the court substantially limit their scope based upon any showing the defendants might make regarding relevancy or materiality at the present time. In that regard, the government would note that there is not yet a trial setting in this matter. Defendants continue

PAGE 3 - GOVERNMENT'S MEMORANDUM

to prepare for the filing of a motion to dismiss based upon outrageous governmental misconduct. Defendants have, by virtue of the extensive discovery already provided by the government, the information necessary to file such a motion. The government would respectfully request that the court deny the defendants' efforts to use Fed. R. Crim. P. 17(c) trial subpoenas to expand the scope of discovery.

Dated this 9th day of March 2007.

Respectfully submitted,

KARIN J. IMMERGUT
United States Attorney
District of Oregon


 s/ *Frank Noonan*

FRANK NOONAN, OSB #70104
Assistant United States Attorney