**Westlaw Attached Printing Summary Report for NOONAN,FRANK 912703**

| | |
|---|---|
| Date/Time of Request: | Friday, March 09, 2007 11:19:00 Central |
| Client Identifier: | DOJ |
| Database: | ALLFEDS |
| Citation Text: | Not Reported in F.Supp. |
| Lines: | 244 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Attachment 1

Westlaw.

Not Reported in F.Supp.                                                                                    Page 1

Not Reported in F.Supp., 1992 WL 296440 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

▷

U.S. v. **Giampa**S.D.N.Y.,1992.Only the Westlaw
citation is currently available.
**United States** District Court, S.D. New York.
**UNITED STATES** of America
v.
Joseph Anthony **GIAMPA**, a/k/a "Joey G.," a/k/a "
Big Joe," and
Santo Giampapa, Jr., a/k/a "Jay," a/k/a "Jay G.,"
a/k/a "Jr.," Defendants.
**No. S 92 Cr. 437 (PKL).**

Oct. 7, 1992.

Otto G. Obermaier, U.S. Atty. for the Southern
District of New York, New York City (Deirdre M.
Daly, David N. Kelley, of counsel), for the U.S.
LaRossa, Mitchell & Ross, New York City (James
M. LaRossa, Andrew J. Weinstein, of counsel), for
defendant Joseph Anthony **Giampa.**
Santangelo, Santangelo & Cohen, New York City (
George L. Santangelo, of counsel), for defendant
Santo Giampapa, Jr.

OPINION AND ORDER
LEISURE, District Judge,
*1 In this criminal case, the defendants, Joseph
**Giampa** ("Giampa") and Santo Giampapa ("
Giampapa"), are charged with the murder of
Michael Salerno, conspiracy to murder Mr. Salerno,
and conspiracy to assault Warren Ulrich in aid of a
racketeering enterprise known as the Luchese
Organized Crime Family of La Cosa Nostra (the "
Luchese Family") in violation of 18 U.S.C. § 1959.
On September 8, 1992, Assistant U.S. Attorney
Deirdre M. Daly accepted service of three
subpoenas *duces tecum* on behalf of Alfonso
D'Arco, his wife, Dolores, and their son, Joseph
(collectively "the D'Arcos")-all of whom are
presently in the Witness Protection Program. The
subpoenas were made returnable on October 13,
1992-the first day of trial-and demand a variety of
financially related documents. The Government

has moved to quash these subpoenas on the grounds
that the subpoenas demand documents which are
impeachment material or not otherwise subject to
discovery, and thus are not obtainable pursuant to
Federal Rule of Criminal Procedure 17(c). For the
reasons stated below, the Court modifies the
subpoenas so as to make all three subpoenas
returnable if and when Alfonso D'Arco testifies at
trial.

I. *Standing*

*1 As a threshold matter, the Court must consider
whether the Government has standing to quash the
subpoenas directed towards the D'Arcos.
Defendant Giampa argues that, since the subpoenas
are not directed toward the Government and do not
demand that the Government produce any materials,
the Government has no standing to quash the
subpoenas.

*1 The Court considers the unreported decision in
*United States v. McGuinness,* No. 90 Cr. 813
(RLC), slip op. (S.D.N.Y. May 9, 1991) (mem.) to
be instructive on this issue. In *McGuinness,* the
Court held that the Government had standing to
move to quash a Rule 17(c) subpoena directed at a
prospective Government witness demanding certain
materials. In reaching this decision, the Court
noted:
*1 [A] party to a criminal case "has standing to
move to quash a subpoena addressed to another if
the subpoena infringes upon the movant's legitimate
interests.' " *United States v. Raineri,* 670 F.2d 702,
712 (7th Cir.1982) ( *citing In re Grand Jury,* 619
F.2d 1022, 1027 (3d Cir.1980)), *cert. denied,* 459
U.S. 1035 (1982); *cf. United States v. Guterma,*
272 F.2d 344 (2d Cir.1959). The prosecution has
standing to quash a defendant's subpoena based "
upon its interest in preventing undue lengthening of
the trial, undue harassment of its witness, and
prejudicial over-emphasis on [the witness's]
credibility." *Id. [quoting Raineri,* 670 F.2d at 712].

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 1

Not Reported in F.Supp.                                                                 Page 2

Not Reported in F.Supp., 1992 WL 296440 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

\*1 *McGuinness,* slip op. at 1.

\*1 The Court finds that, in the instant case, these considerations support the conclusion that the Government has standing to move to quash defendant **Giampa's** Rule 17(c) subpoenas seeking a variety of financially related documents from the potential witness, Alfonso D'Arco, as well as his wife and son. The Government clearly has an interest in preventing any undue lengthening of the trial, any undue harassment of Mr. D'Arco and his family, and any prejudicial over-emphasis on Mr. D'Arco's credibility, which could arguably result if the subpoenas are not quashed or modified. Moreover, all three individuals served with subpoenas are in the Witness Protection Program and, therefore, the Government has a heightened interest in shielding all of these individuals from potential undue harassment generated by defendant **Giampa's** subpoenas.[FN1]

\*2 The two cases cited by defendant **Giampa** to support his argument are inapposite. In *In re Grand Jury Subpoena Duces Tecum Dated May 9, 1990,* 741 F.Supp. 1059 (S.D.N.Y.1990), the Court held, in a footnote, that the target of a grand jury investigation had no standing to quash the subpoena issued to a non-party witness since the target had neither a proprietary interest, nor a claim of privilege, in the materials that were the subject of the subpoena. *Id.* at 1060 n. 1 (*citing Langford v. Chrysler Motors Corp.,* 513 F.2d 1121, 1126 (2d Cir.1975)). Indeed, "[t]he grand jury occupies a unique role in our criminal justice system," and courts must be sensitive that subpoena recipients " not impair the strong governmental interests in affording grand juries wide latitude, avoiding minitrials on peripheral matters, and preserving a necessary level of secrecy." *United States v. R. Enterprises, Inc.,* 111 S.Ct. 722, 726, 728 (1991). In sum, the interest of a target of a grand jury investigation in limiting the scope of that investigation (*In re Grand Jury Subpoena, supra* ), *cf. In re Grand Jury Subpoena Duces Tecum Dated January 2, 1985,* 775 F.2d 499, 502 (2d Cir.1985) (Friendly, J.) ("Proceedings before a grand jury are essentially criminal in nature, even though its functioning, like the criminal trial itself, may give rise to collateral controversies, such as motions to

quash subpoenas, where criminality is not an immediate issue."), or the interest of a private litigant in a civil matter under Fed.R.Civ.P. 45 ( *Langford* ), are qualitatively different from the interests that the Government has, as noted above, in quashing the subpoenas under the circumstances of this criminal case.

\*2 Accordingly, the Court concludes that based on the circumstances of the instant case, the Government has standing to move to quash the subpoenas directed towards the D'Arcos.

## II. *Subpoenas Under Rule 17(c)*

\*2 Rule 17(c) of the Federal Rules of Criminal Procedure provides that:
\*2 A subpoena may also command the person to whom it is directed to produce the books, papers, documents or other objects designated therein. The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive. The court may direct that books, papers, documents or objects designated in the subpoena be produced before the court at a time prior to the trial or prior to the time when they are to be offered in evidence and may upon their production permit the books, papers, documents or objects or portions thereof to be inspected by the parties and their attorneys.

\*2 Rule 17(c) is designed "to permit a party to obtain 'books, papers, documents or other objects' for use by him as evidence." *United States v. Murray,* 297 F.2d 812, 821 (1962), *cert. denied,* 369 U.S. 828 (1962). However, " 'Rule 17(c) was not intended to provide an additional means of discovery.' " *Id.* (*quoting Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951)). The chief innovation of Rule 17(c) was " 'to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials.' " *Murray,* 297 F.2d at 821 (*quoting Bowman,* 341 U.S. at 220) (emphasis in original).

\*3 Courts have repeatedly held that a Rule 17(c) subpoena should not be used to obtain materials, in advance of trial, which are to be used for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 1

Not Reported in F.Supp.                                                                      Page 3

Not Reported in F.Supp., 1992 WL 296440 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.)

impeachment purposes. *See, e.g., United States v. Nixon,* 418 U.S. 683, 701 (1974) ("[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial.") (*citing United States v. Carter,* 15 F.R.D. 367, 369-72 (D.D.C.1954) (holding that Rule 17(c) may not be used to obtain statements of witnesses unless the witness testifies at trial)); *United States v. Hughes,* 895 F.2d 1135, 1145-46 (6th Cir.1990) (holding that district court properly quashed Rule 17(c) subpoena seeking documents to impeach Government witness); *United States v. Cuthbertson,* 651 F.2d 189, 195 (3d Cir.1981) (holding that documents constituting hearsay which could only be used for impeachment purposes may not be obtained by a Rule 17(c) subpoena), *cert. denied,* 454 U.S. 1056 (1981); *United States v. Fields,* 663 F.2d 880, 881 (9th Cir.1981) (holding that where the only evidentiary use advanced by defendants for the use of materials sought by Rule 17(c) subpoena was for impeachment purposes, there was insufficient reason to warrant pretrial production of such documents); *United States v. McGuinness,* No. 90 Cr. 813, slip op. (S.D.N.Y. May 9, 1991) (mem.) (Carter, J.) (defendant not entitled to obtain impeachment material in advance of trial pursuant to Rule 17(c)); *United States v. Iozia,* 13 F.R.D. 335, 340 (S.D.N.Y.1952) (Weinfeld, J.) (Rule 17(c) cannot be used "to require in advance of, and in preparation for, trial a disclosure to a defendant of information which may tend to impeach persons the Government may or may not call as witnesses").

*3 Since the materials sought in the subpoenas directed toward the D'Arcos will be used for impeachment purposes, the Court finds that defendant **Giampa** has not demonstrated that he is entitled to these materials, on an expedited basis, before Mr. D'Arco testifies at trial. Defendant **Giampa** argues that the cases cited above concerning impeachment materials are simply addressing the situation where the subpoena seeks the production of impeachment materials *in advance of trial.* Therefore, **Giampa** argues that those cases are inapplicable to the instant situation where the subpoenas do not ask that the D'Arcos' records be produced in advance of trial, but rather direct them to produce these documents on the first day of trial.

*3 The Court finds that the rationale behind the well-established rule that impeachment materials are generally not subject to pretrial production applies with equal force to a request that such documents be produced on the first day of trial. Impeachment statements are generally not subject to pretrial production under Rule 17(c) because "such statements ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial." *United States v. Cuthbertson,* 630 F.2d 139, 144 (3d Cir.1980) ( *citing United States v. Nixon,* 418 U.S. at 701), *cert. denied,* 449 U.S. 1126. Accordingly, the Court finds that Giampa's request in the instant case that the D'Arcos produce the documents under Rule 17(c) prior to the time that D'Arco testifies is similarly premature because such materials will only ripen, if at all, into evidentiary materials, for impeachment purposes, when Mr. D'Arco testifies at trial.

*4 Accordingly, the Court finds that since defendant Giampa intends to use the materials requested in the Rule 17(c) subpoenas to impeach Alfonso D'Arco, Giampa is not entitled to these documents on the first day of trial under these circumstances.[FN2] Instead, the Court will modify the subpoenas so as to make them returnable at the time when D'Arco testifies at trial.[FN3] The Court also finds that the Government has not shown, at this juncture, that the subpoena is overly broad, unreasonable or oppressive. The Court, at the appropriate time, will also decide to what extent, if any, these materials, and the information contained therein, are properly the subject of cross-examination in the instant case under the Federal Rules of Evidence.

CONCLUSION

*4 For the reasons stated above, the Court modifies the subpoenas issued to Alfonso D'Arco, Dolores D'Arco and Joseph D'Arco pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure so as to make all three subpoenas returnable if and when Alfonso D'Arco testifies at trial.

*4 SO ORDERED

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 1

Not Reported in F.Supp.                                                                                      Page 4

Not Reported in F.Supp., 1992 WL 296440 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

FN1. The Court also notes that the Government accepted service of the subpoenas at issue on behalf of the D'Arcos. However, defense counsel for Giampa argues that they served the subpoenas in this manner because the D'Arcos are in the Witness Protection Program and defense counsel wanted to avoid sending investigators to attempt to locate them or attempting personally to serve the D'Arcos if and when they appear in the courthouse, which might be perceived as some form of intimidation. Nevertheless, the Court finds that the method of service is a further illustration of the Government's special interest in trial subpoenas served on individuals in the Witness Protection Program.

FN2. Moreover, even assuming that the materials were admissible for purposes other than impeachment, the Court finds that defendant Giampa would still not be entitled to these materials because he has, at the present time, not satisfied the requirements of the *Nixon* test: "1) that the documents are evidentiary and relevant; 2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; 3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and 4) that the application is made in good faith and is not intended as a general 'fishing expedition.' " *United States v. Nixon,* 418 U.S. 683, 699-700 (1974) (*citing United States v. Iozia,* 13 F.R.D. 335, 338 (S.D.N.Y.1952)); *see also United States v. Myerson,* 684 F.Supp. 41, 45 (S.D.N.Y.1988); *United States v. Biaggi,* 674 F.Supp. 1034, 1036 (S.D.N.Y.1987). Defendant Giampa has simply not demonstrated that these subpoenaed materials need to be produced on an expedited basis under Rule 17(c).

FN3. To the extent that the documents sought in the subpoenas constitute impeachment material, the Government has an independent obligation to disclose these materials to the defendants, but not until the witness testifies. *United States v. Bagley,* 473 U.S. 667, 676 (1985) (government must disclose impeachment material); *Giglio v. United States,* 405 U.S. 150, 154 (1972) (same); *see also United States v. Biaggi,* 675 F.Supp. 790, 812 (S.D.N.Y.1987) (disclosure not required before the relevant witness testifies); *United States v. Abrams,* 539 F.Supp. 378, 390 (S.D.N.Y.1982) (same). The Government has stated that, as is its practice, it will produce *Brady,* impeachment and "3500" material relating to Mr. D'Arco sufficiently in advance of his testimony so as to avoid any delay at trial.

S.D.N.Y.,1992.
U.S. v. Giampa
Not Reported in F.Supp., 1992 WL 296440 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Attachment 1